ORAL ARGUMENT SCHEDULED ON MARCH 16, 2026
No. 25-5289

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

COALITION FOR HUMANE IMMIGRANT RIGHTS, et al.,
*Plaintiffs-Appellees*,

v.

KRISTI NOEM, in her official capacity as Secretary of Homeland Security, et al.,
*Defendants-Appellants*,

On Appeal from the United States District Court
for the District of Columbia
No. 1:25-cv-00872 (Cobb, J.)

## NOTICE OF ERRATA OF BRIEF OF *AMICUS CURIAE* AMERICAN IMMIGRATION LAWYERS ASSOCIATION

| | |
|---|---|
| Andrew S. White | Addison B. Thompson, Jr. |
| COVINGTON & BURLING LLP | *Counsel of Record* |
| 850 Tenth Street, NW | Alessandra C. Elliott |
| Washington, DC 20001 | Aja I. Johnson |
| (202) 662-6000 | Adam R. David |
| | COVINGTON & BURLING LLP |
| | Salesforce Tower |
| | 415 Mission Street, Suite 5400 |
| | San Francisco, CA 94105 |
| | United States |
| | (415) 591-6000 |
| | athompson@cov.com |

*Counsel for* Amicus Curiae.

January 26, 2026

This Notice of Errata is being filed to correct errors in the Table of Authorities, Table of Contents, and a citation to the Joint Appendix on page 14 in the Brief of *Amicus Curiae* American Immigration Lawyers Association, filed in this matter on January 23, 2026. The corrected pages are appended hereto.

                                              Respectfully submitted,

                                              */s/  Addison B. Thompson, Jr.*
                                              Addison B. Thompson, Jr.
                                                *Counsel of Record*
                                              Alessandra C. Elliott
                                              Aja I. Johnson
                                              Adam R. David
                                              COVINGTON & BURLING LLP
                                              Salesforce Tower
                                              415 Mission Street, Suite 5400
                                              San Francisco, CA 94105
                                              (415) 591-6000
                                              athompson@cov.com

                                              Andrew S. White
                                              COVINGTON & BURLING LLP
                                              850 Tenth Street NW
                                              Washington, DC 20001
                                              (202) 662-6000

                                              *Counsel for Amicus Curiae*

January 26, 2026

## TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ............. i

CORPORATE DISCLOSURE STATEMENT ....................................................... ii

CIRCUIT RULE 29(d) CERTIFICATE................................................................ iii

TABLE OF AUTHORITIES ...................................................................................v

INTEREST OF *AMICUS CURIAE* .......................................................................1

[SUMMARY OF ARGUMENT](#) .......................................................................1

ARGUMENT ...........................................................................................................3

I.    Parole Is an Implied Assurance of Safety and Stability that Individuals Have Relied Upon.......................................................................................3

II.   Parolees Contribute to Their New Communities. ..........................................8

III.  Expedited Removal Imposes Severe Consequences on Parolees' Lives......................................................................................................12

CONCLUSION ......................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gonzalez v. Noem*,
  No. 25-cv-13323, 2025 WL 3204602 (N.D. Ill. Nov. 17, 2025).........................15

*Matter of Q. Li*,
  29 I. & N. Dec. 66 (B.I.A. 2025) ...........................................................................7

*Matter of Yajure Hurtado*,
  29 I. & N. Dec. 216 (B.I.A. 2025) .........................................................................5

**Statutes**

[8 U.S.C. § 1182](.)................................................................................................................[4]

8 U.S.C. § 1225 ................................................................................................................4, 7

8 U.S.C. § 1226 ...................................................................................................................5

**Other Authorities**

8 C.F.R. 274a.12 ..................................................................................................................5

Amnesty International, *Torture and Enforced Disappearances in the
  Sunshine State* ~~41~~ (Dec. 2025), https://perma.cc/85WT-SVY7 ..........................15

More fundamentally, placing paroled individuals with pending proceedings into expedited removal proceedings effectively strips them of lawfully granted due process protections. It also subjects them to mandatory detention in "far-flung locations away from their families and attorneys" and rushed credible fear interviews within a "truncated" process that makes adequate case preparation and presentation impossible and forecloses judicial review. ~~JA076–77~~JA076–077. This creates a substantial "risk of erroneous removal arising from lack of meaningful process," *id*. at JA075, virtually guaranteeing wrongful deportations while destabilizing families, sponsors, employers, and communities. In some cases, DHS has even removed parolees before review could occur.

These legal barriers are compounded by the realities of detention, which further impede access to counsel and inhibit the ability to prepare any meaningful claim for protection. J.D.'s attorney must request permission at least 48 hours in advance to speak with him at an ICE facility, a delay that severely hampers legal preparation. Similar obstacles exist in C.W.A.'s case, where the facility permits only 30-minute Zoom calls with counsel and allows just one reservation at a time. On one occasion, when C.W.A. was notified of a last-minute hearing, her attorney could not secure adequate preparation time. Instead, C.W.A.'s counsel was forced to rely on a friend of C.W.A.'s to schedule consecutive 15-minute sessions on an iPad intended for personal calls. These conversations occurred in a public area, within

– 14 –

- 2 -

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2026, a copy of this notice was filed with the Clerk and served on the parties through the Court's electronic filing system. I further certify that all parties required to be served have been served.

                                        */s/ Addison B. Thompson, Jr.*
                                        *Counsel for Amicus Curiae*

January 26, 2026