| | |
|---|---|
| **No. 25-5289** | **September Term, 2025** |
| | 1:25-cv-00872-JMC |
| | Filed On: September 12, 2025 |

Coalition for Humane Immigrant Rights, et al.,

    Appellees

    v.

Kristi Noem, in her official capacity as Secretary
of Homeland Security, et al.,

    Appellants

    **BEFORE:**    Walker*, Childs, and Pan, Circuit Judges

### O R D E R

Upon consideration of the emergency motion for stay pending appeal and the supplement thereto, the opposition and the supplement thereto, the reply, and the Rule 28(j) letter, it is

**ORDERED** that the partial administrative stay entered on August 18, 2025, be dissolved. It is

**FURTHER ORDERED** that the motion for stay be denied. Appellants have not satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). Specifically, appellants assert that the district court's order will cause the government irreparable harm *if* the order precludes the government from applying expedited removal to parolees, notwithstanding 8 C.F.R. §§ 1.2 and 235.3(b)(1)(i). But appellants make no assertion that the district court's order does so. Consequently, appellants have not shown that a stay is necessary to prevent irreparable harm. See KalshiEX LLC v. CFTC, 119 F.4th 58, 64 (D.C. Cir. 2024) ("[A] showing of irreparable harm is a necessary prerequisite for a stay.").

### Per Curiam

                **FOR THE COURT:**
                Clifton B. Cislak, Clerk

        BY:    /s/
                Selena R. Gancasz
                Deputy Clerk

---

\* A statement by Circuit Judge Walker, concurring in this order, is attached.

WALKER, *Circuit Judge*, concurring:

I agree with the panel that we should deny the Government's stay motion. The district court's order imposes no irreparable harm. That's because it is best read not to preclude the Government from applying expedited removal to parolees pursuant to 8 C.F.R. §§ 1.2 and 235.3(b)(1)(i).

The panel's order could and should say that. But instead the panel says only that the Government "make[s] no assertion that the district court's order" "precludes the government from applying expedited removal to parolees, notwithstanding 8 C.F.R. §§ 1.2 and 235.3(b)(1)(i)."[1]

That is true as far as it goes. But by not providing more clarity, the panel has put the Government in an untenable position.

On the one hand, what if the Government interprets the district court's order as it should — to allow expedited removal of parolees pursuant to 8 C.F.R. §§ 1.2 and 235.3(b)(1)(i)? In that case, the Government would risk contempt proceedings if the district court later disclaims that interpretation of its order.

On the other hand, what if the Government interprets the district court's order to preclude expedited removal of parolees pursuant to 8 C.F.R. §§ 1.2 and 235.3(b)(1)(i)? In that case, the Government would award the Plaintiffs a legal victory that the district court's order probably does not provide.

---

[1] Order, *Coalition for Humane Immigrant Rights v. Noem*, No. 25-5289, at 1 (D.C. Cir. Sept. 12, 2025) (emphasis omitted).