

**U.S. Department of Justice**

Civil Division

TJB:Psandhu
39-16-3463                            Telephone: (202) 616-9357

*Washington, DC 20530*

VIA CM/ECF                              May 15, 2026

The Honorable Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave. NW
Washington, D.C. 20001

>      Re:  *CHIR v. Mullin,* No. 25-5289 (D.C. Cir.) (oral argument held
>           on March 16, 2026)
>           Response to Rule 28(j) Letter

Dear Mr. Cislak,

Appellants respond to Appellees' letter dated May 8, 2026, informing the Court of a recent decision by the Board of Immigration Appeals (BIA), *C-P-Y-*, 29 I.&N. Dec. 610 (May 6, 2026), which interpreted the serious nonpolitical crime eligibility bars for asylum and withholding of removal at 8 U.S.C. §§1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii).

The BIA's decision provides no support for Plaintiffs' interpretation of the statutory term, "arriving," at 8 U.S.C. §1225(b)(1)(A)(i). The statutory terms at issue in *C-P-Y-*, "arrival" and "arrive," are found in bars to immigration relief that have nothing to do with expedited removal or parole. Furthermore, the term, "arriving," has a specialized meaning in immigration law based on statutory history and case law repeatedly reaffirming the "entry-fiction doctrine." *See* Appellants' Reply Brief at 9-

15. Thus, Appellants' interpretation of "arriving" is anything but "absurd." *See* Appellees' Letter at 2.

Additionally, Appellees' suggestion—that Congress's use of the term "arriving" rather than "applicant[s] for admission," advances their position—is meritless. While aliens paroled at ports of entry are "applicants for admission," they also fall within the subset of that group subject to expedited removal under §1225(b)(1)(A)(i), as aliens "arriving in" the United States. *See* Reply Br. at 10, 12, 22-23; *see also Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) ("applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)").

Respectfully submitted,

/s/ *Papu Sandhu*
PAPU SANDHU
*Assistant Director*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, DC 20044
(202) 616-9357

Attorney for Appellants

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response complies with the type-volume limitations of Fed. R. App. P. 28(j) and D.C. Circuit local rules because the body of the response contains 253 words.

/s/ *Papu Sandhu*
Papu Sandhu

Dated:  May 15, 2026                                  Attorney for Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Papu Sandhu*
Papu Sandhu

Dated:  May 15, 2026                                  Attorney for Appellants